UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD F. BENOIT, Derivatively on Behalf of MBNA CORP. and on Behalf of Himself and All Others Similarly Situation,<br><br>               Plaintiff,<br><br>     vs.<br><br>BRUCE L. HAMMONDS, *et al.*<br><br>              Defendants,<br><br>              --and--<br><br>BANK OF AMERICA CORPORATION, a Delaware Corporation, AS SUCCESSOR IN INTEREST TO MBNA CORP., and MBNA CORP., a Maryland Corporation,<br><br>             Nominal Defendants. | Civ. No. 07-CV-561 (GMS) |

*Additional Caption on Following Page*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THE
MOTION TO VACATE THE DISCOVERY STAY**

                                             Pamela S. Tikellis (#2172)
                                             A. Zachary Naylor (#4439)
                                             **CHIMICLES & TIKELLIS LLP**
                                             One Rodney Square
                                             Wilmington, DE 19801
                                             302-656-2500
                                             *Plaintiffs' Liaison Counsel*

| | |
|---|---|
| Jeffrey P. Fink<br>Julia Williams<br>**ROBBINS UMEDA & FINK, LLP**<br>610 West Ash Street, Suite 1800<br>San Diego, CA 92101<br>(619) 525-3990<br>*Plaintiffs' Proposed Co-Lead Counsel* | Laurence D. Paskowitz<br>**PASKOWITZ & ASSOCIATES**<br>60 East 42nd Street, 46th Floor<br>New York, NY 10165<br>(212) 685-0969<br><br>*Plaintiffs' Proposed Co-Lead Counsel* |

Dated: January 21, 2008

| | |
|---|---|
| LEMON BAY PARTNERS, and MALCOLM ROSENWALD, : <br> : <br> Plaintiff, : <br> : <br> --against-- : <br> : <br> BRUCE L. HAMMONDS, *et al.* : <br> : <br> Defendants, : <br> : <br> --and-- : <br> : <br> BANK OF AMERICA CORPORATION, AS SUCCESSOR IN INTEREST TO MBNA CORP., and MBNA CORP., : <br> : <br> Nominal Defendants. : | Civ. No. 07-CV-562 (GMS) |

# **TABLE OF CONTENTS**

I.     INTRODUCTION ..............................................................................................................1

II.    FACTS ................................................................................................................................2

III.   The PSLRA STAY SHOULD BE LIFTED IN THE BENOIT GROUP ACTION ............3

      A.    Courts Have Express Authority to Lift the PSLRA's Discovery Stay ....................3

            1.    The Benoit Group Seeks Particularized Documents..................................4

            2.    Discovery Should be Permitted to Prevent Undue Prejudice ..........4

      B.    Defendants Cannot Challenge the Benoit
          Group's Pleadings to they Extent they Overlap
          With Claims Already Upheld in *Activest*................................................................6

      C.    Lifting the Discovery Stay for this Limited Purpose
          Does Not Conflict With the Policies of the PSLRA .................................................6

IV.    CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                                  **PAGE**

*Baker v. MBNA Corp.*, 2007 U.S. Dist. LEXIS 48892 (D. Del. 2007). ..........................................3

*In re Enron Corp.*, 2002 U.S. Dist LEXIS 2626 (S.D. Tex. Aug. 16, 2002)..............................5, 8

*In re FirstEnergy Shareholder Derivative Litigation*, 219 F.R.D. 584 (N.D. Ohio 2004)..............6

*In re FirstEnergy Corporation, Securities Litigation*, 229 F.R.D. 541 (N.D. Ohio 2004)..............5

*In re Flir Sys., Inc. Sec. Litig.*, No. 00-360-HA,
    2000 U.S. Dist. LEXIS 19391 (D. Or. Dec. 13, 2000) ........................................................7

*In re Gilead Science Securities Litigation*, 2004 WL 3712008 (N.D. Cal. 2004) ..........................6

*In re Grand Casinos Sec. Litig.*, 988 F. Supp. 1270 (D. Minn. 1997)..............................................3

*In La Branche Sec. Litig*; 332 F. Supp. 2d 178 (S.D.N.Y. 2004) ....................................................5

*In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100 (D. Mass. 2002) ...................................5

*In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246 (D. Md. 2004) ................................4

*In Re Royal Dutch/Shell Trausp. Sec. Litig,*
    2005 U.S. Dist LEXIS 37962 (D. N.J. Feb 15, 2005) .........................................................5

*In re Silicon Graphics Sec. Litig.*, 970 F. Supp. 746 (N.D. Cal. 1997) ...........................................3

*In re Williams Sec. Litig.*, Lead Case No. 02-CV-72H (M)
    2003 U.S. Dist. LEXIS 24304 (N.D. Okla. May 22, 2003)................................................8

*In re WorldCom Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) ................................................4

*In re Vivendi Universal, S.A., Sec. Litig.,*
    2003 U.S. Dist. LEXIS 7606 (S.D.N.Y. May 6, 2003).......................................................5

*Medical Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717 (S.D. Cal. 1996)........3, 5, 7

*Seippel v. Sidley, Austin, Brown & Wood LLP,*
    2005 U.S. Dist. LEXIS 2388 (S.D.N.Y. 2005)....................................................................6

*SG Cowen Sec. Corp. v. United States Dist. Court*, 189 F.3d 909 (9th Cir. 1999) .....................6, 7

*Singer v. Nicor*, 2003 U.S. Dist. LEXIS 26189 (N.D. Ill. April 23, 2003)......................................7

*Tobias Holdings, Inc. v. Bank United Corp.*, 177 F Supp. 2d 162 (S.D.N.Y. 2001).......................6

**OTHER AUTHORITIES**

Private Securities Litigation Reform Act of 1995 ................................................................ Passim

## I. INTRODUCTION

Plaintiffs respectfully submit this memorandum in support of their motion to vacate the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This motion requests that this Court permit plaintiffs Donald Benoit, Lemon Bay Partners and Malcolm Rosenwald (collectively the "Benoit Group") to participate in limited discovery in conjunction with *Baker v. MBNA Corp, et al.*, 05 CV 272 (GMS) (the "Activest Class Action"), where the securities fraud complaint has been upheld against defendants MBNA, Bruce Hammonds, Kenneth Vecchione and Charles Krulak and fact discovery is well underway. As further set forth below, this action shares some common issues of fact and law with the Activist Class Action.

The PSLRA discovery stay is not absolute and expressly provides for relief from its provisions. First, the stay is effective only during the pendancy of a dismissal motion so as to prevent unnecessary discovery on dubious claims. Here, however, the claims in the Benoit Group action alleging fraudulent misconduct in early 2005 are essentially the same as those already upheld against a dismissal motion in the Activest Class Action. *See e.g.*, Benoit Cplt., Count I, ¶¶ 103-15. (07-561-GMS, D.I. No. 1). As there is no dismissal motion currently pending in this action directed to these similar claims, and such a motion could not succeed in light of this Court's rulings in the Activest Class Action, the PSLRA stay on discovery is not warranted.[1] Secondly, this Court may lift the PSLRA stay to avoid undue prejudice. In particular, when an event alters the status quo, courts may modify the discovery stay to prevent prejudice to plaintiffs. This rationale is even more compelling where defendants are currently

---

[1] By Stipulation entered among the parties, the time for defendants to file such a motion would be subsequent to this Court's ruling on the pending motion for lead counsel and lead plaintiff appointment, and the filing of an amended complaint. (07-561-GMS, D.I. No. 24). For the same reasons that the Section 10(b) claims in the Activest Class Action were upheld, the claims in Count I of the Benoit Group complaint would also be upheld, as these claims are essentially identical. Moreover, awaiting such a motion to dismiss before granting the Benoit Group plaintiffs access to documents (and permitting their attendance at depositions) will ensure that all parties engage in the same discovery twice, as the Activest Class Action discovery will be complete by the time such a motion is made.

producing discovery in another similar action. Finally, not only would lifting the stay benefit plaintiffs, it would also benefit defendants and this Court, as permitting the Benoit Group to participate in discovery would avoid double expenses and the re-litigation of pre-trial discovery issues.

As the PSLRA discovery stay is not warranted at this time, due to the lack of a pending motion to dismiss directed to the shared claims, or the possibility that one would succeed, and because lifting the stay would avoid undue prejudice to all parties and redundant litigation, the Benoit Group respectfully requests that this Court permit limited discovery on issues overlapping with the Activist Class Action.

## II.    FACTS

This action arises out of the individual defendants' scheme to protect their positions in the face of imminent securities fraud claims against them. MBNA was a public bank holding company which principally issued credit cards. As alleged in the complaints, MBNA's top executives (the "Insider Defendants") were desperate to find a buyer for the Company to shield themselves the liability arising out of the pending securities class action, in which they were personally named as defendants. In negotiating the deal, defendant Bruce Hammonds ("Hammonds") sacrificed the interests of the public shareholders to achieve his own agenda and that of his close colleagues. MBNA's shareholders were induced to approve the merger (which they did by a vote held on November 2, 2005) by means of the materially false and misleading Proxy Statement, which concealed Hammonds' misconduct and other material facts. The transaction, during which MBNA was absorbed into the Bank of America Corporation ("BAC"), closed on January 1, 2006.

Plaintiffs filed the present derivative and class complaints in September 2007 to rectify the above fraud and breaches of fiduciary duties. In particular, plaintiffs bring class claims for the dissemination of a proxy statement in violation of the anti-fraud provisions of the Exchange Act on behalf of persons whose MBNA shares were exchanged for BAC shares for an unfair and artificially deflated price. Plaintiffs' derivative claims rest on the misconduct occurring prior to

the sale of MBNA, namely the breaches of defendants' fiduciary duties due to their conduct leading up to the sale of the Company. Plaintiff also alleges that defendants' hasty and ill-considered decision to sell to BAC was motivated variously by selfish financial interests, and by a desire to avoid liability in the class action lawsuits based on alleged misstatements and omissions by defendants in the Activest Class Action.

The first of several actions, eventually consolidated as the Activest Class Action, brought suit alleging violations of the Exchange Act based on misstatements and omissions by defendants in January through April, 2005. Defendants in the Activist Class Action, largely the same as those here, filed a motion to dismiss the Activist Class Action in July of 2006. Thereafter, this Court denied in part the motion to dismiss the Activist Class Action and lifted the PSLRA discovery. *See Baker v. MBNA Corp.*, 2007 U.S. Dist. LEXIS 48892 (D. Del. 2007). The Activest Class Action and defendants are currently engaged in discovery with a fact discovery cut off date of February 29, 2008.

## III. THE PSLRA STAY SHOULD BE LIFTED IN THE BENOIT GROUP ACTION

### A. Courts Have Express Authority to Lift the PSLRA's Discovery Stay

The PSLRA provides that discovery in a securities fraud class action is generally stayed while a motion to dismiss is pending. However, the PSLRA also provides courts with the power to lift this stay "to preserve evidence" or "to prevent undue prejudice":

> In any private action arising under this title, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, ***unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party***.

15 U.S.C. §78u-4(b)(3)(B) (emphasis added). *See also In re Silicon Graphics Sec. Litig.*, 970 F. Supp. 746, 760 (N.D. Cal. 1997) (recognizing "the discovery stay provision provides courts with some discretion to permit necessary discovery in advance of a ruling on dismissal"); *In re Grand Casinos Sec. Litig.*, 988 F. Supp. 1270, 1272 (D. Minn. 1997) (noting that if Congress had intended an absolute stay on discovery, it would not have authorized a judicial reprieve); *Medical Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720-21 (S.D. Cal. 1996).

3

### 1. The Benoit Group Seeks Particularized Documents

The Benoit Group requests this Court order defendants to produce only those documents produced by defendants and third parties in the Activest Class Action. While plaintiffs cannot know the extent of his request, that does not suggest that his request is not particularized under the meaning of the PSLRA. In particular, while the amount of documents may prove to be voluminous, "particularized" does not necessarily mean "small." *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004). In fact, courts have found that where plaintiffs seek a "clearly defined universe of documents," the "particularized" requirement has been met. *See In re WorldCom Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002); *Royal Ahold N.V.*, 220 F.R.D. at 250.

Here, plaintiffs do not seek a broad, unfocused range of documents. Instead, plaintiffs seek a limited, ***readily identifiable*** set of documents. Not only are these documents easily "identifiable," but they have already ***been identified***, assembled, copied, and produced in connection with the Activest Class Action. Given the disparity of information – which is the basis for this motion, there is no means by which plaintiffs can further particularize this request.

Further, the documents requested are clearly relevant to this case. The Activest Class Action alleges similar facts concerning defendants' violations of the Exchange Act. These violations set the stage for the rapid and improper sell-off of the Company alleged in the Benoit Group action, and the issuance of the allegedly false Proxy. Hence, plaintiffs seek a relevant, particularized set of documents that defendants have already produced to the Activest Class Action relating to similar misconduct.[2]

### 2. Discovery Should be Permitted to Prevent Undue Prejudice

Lifting the PSLRA discovery stay to permit particularized discovery is permitted where a court finds this necessary "to prevent undue prejudice." 15 U.S.C. §78u-4(b)(3)(B). The term "undue prejudice" is not defined in the statute. However, district courts, have construed this

---

[2] Should deposition discovery commence in the Activest Class Action, the Benoit Group should also be allowed to attend those depositions, and pose any non-duplicative questions.

phrase to mean an "improper or unfair detriment" amounting to something *less* than irreparable harm. *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996) (emphasis added); *In re Vivendi Universal, S.A., Sec. Litig.*, 2003 U.S. Dist. LEXIS 7606, at *5 (S.D.N.Y. May 6, 2003) (quoting *Vacold LLC v. Cerami*, 2001 U.S. Dist. LEXIS 1589, at *6 (S.D.N.Y. Feb. 16, 2001).

"Undue prejudice" has been deemed to occur when a corporation is required to produce documents already made public by being produced elsewhere. See *In Re Royal Dutch/Shell Trausp. Sec. Litig*, 2005 U.S. Dist LEXIS 37962 at *4-5 (D. N.J. Feb 15, 2005), where the Court stated:

> The courts in *Enron, Worldcom, Tyco* and *Royal Ahold* have concluded that a plaintiff is unduly prejudiced if the defendant has already produced the documents requested in other governmental or private proceedings. These courts have reasoned that in a meritorious case, and I want to strike the words here because I'm not making such conclusion, there is no reason to prevent the production of documents that have already been produced or soon will be in another context such as an SEC Investigation or an ERISA action.

*See also In re Enron Corp.*, 2002 U.S. Dist LEXIS 2626, at *32 (S.D. Tex. Aug. 16, 2002) (granting motion for limited production of documents and materials produced in response to inquiries and investigations by governmental bodies because the burden would be so slight to defendant in that the documents had already been found, reviewed and organized); *In La Branche Sec. Litig*; 332 F. Supp. 2d 178, 181-83 (S.D.N.Y. 2004); *In re FirstEnergy Corporation, Securities Litigation*, 229 F.R.D. 541, 545 (N.D. Ohio 2004); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002) (permitting limited discovery where "[n]either of the perceived abuses addressed by Congress is present.").

Defendants are currently in the midst of discovery in the Activist Class Action. Producing the same documents in this suit in no way prejudices or harms them. In fact, producing discovery on overlapping claims actually benefits defendants, as it avoids double expense for them.

### B. Defendants Cannot Challenge the Benoit Group's Pleadings to they Extent they Overlap With Claims Already Upheld in *Activest*

By the express language of the statute 15 USC §78u-4 (b)(3) (B), the PSLRA discovery stay is effective only during the pendency of a dismissal motion. There is no motion to dismiss, or any other challenge on the pleadings, on file in this case disputing the allegations of the Benoit Group's complaint that parallel those in Activest's complaint. Defendants, however, challenged the Activest Class Action pleadings unsuccessfully, and the Court found that pleading raised a strong inference of fraud on the part of certain key defendants. Once a dismissal motion is denied in whole or in part, the stays are to be lifted. Such a stay was lifted in the Activist Class Action, and we submit should now be lifted in this suit as well.

Further, where as here there are also common law and non federal claims asserted partial discovery has been permitted on those claims. *See Seippel v. Sidley, Austin, Brown & Wood LLP,* 2005 U.S. Dist. LEXIS 2388, at *8-13 (S.D.N.Y. 2005)(refusing to apply PSLRA stay to claims asserted under state law); *Tobias Holdings, Inc. v. Bank United Corp.,* 177 F Supp. 2d 162, 168 (S.D.N.Y. 2001)("Plaintiff should not be penalized for bringing both its federal securities claims and related state common law claims in one federal action. To prohibit discovery on the state claims would encourage a duplication of effort and serve as a disincentive for efficiency."); *In re Gilead Science Securities Litigation,* 2004 WL 3712008 (N.D. Cal. 2004); *In re FirstEnergy Shareholder Derivative Litigation,* 219 F.R.D. 584 (N.D. Ohio 2004). The discovery relating to the federal fraud claims in Activest is pertinent to The Benoit Group's state law claims, as well. This rule refusing to over-extend the PSLRA stay is particularly applicable here, where there is no pending motion to dismiss, the dismissal motion in the Activest class suit has been denied in part, and the requested discovery is also germane to state claims not explicitly controlled by the PSLRA. *Cf. In re Lermont & Hauspie Securities Litigation, supra.*

### C. Lifting the Discovery Stay for this Limited Purpose Does Not Conflict With the Policies of the PSLRA

The PSLRA's discovery stay was "'intended to prevent unnecessary imposition of discovery costs on defendants.'" *SG Cowen Sec. Corp. v. United States Dist. Court,* 189 F.3d

909, 911 (9th Cir. 1999) (quoting H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. at 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. Sess. 731). As the *Medical Imaging* court explained:

> The introductory paragraphs of the Statement of Managers for the Reform Act noted that Congress, in passing this new legislation, was "prompted by significant evidence of abuse in private securities lawsuits," which Congress found to include, "the abuse of the discovery process to impose costs so burdensome that it is often economical for the victimized party to settle." Congress also noted, however, the broader purpose of the federal securities laws, "to protect investors and to maintain confidence in the securities markets, so that our national savings, capital formation and investment may grow for the benefit of all Americans." Using an "undue prejudice" standard in applying the exception to the statutory discovery stay appropriately attempts to balance the competing concerns of maintaining truth and integrity in the marketplace while curbing meritless litigation.

*Med. Imaging*, 917 F. Supp. at 720-21; *see also* H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. at 32 (1995) (the cost of discovery often forces innocent parties to settle frivolous securities class actions); *In re Flir Sys., Inc. Sec. Litig.*, No. 00-360-HA, 2000 U.S. Dist. LEXIS 19391, at **8-9 (D. Or. Dec. 13, 2000) ("[t]he PSLRA is a shield intended to protect security-fraud defendants from costly discovery requirements . . . not . . . a sword").

Under the circumstances of this case, the policy justifications for the imposition of the discovery stay simply do not apply. Congress designed the PSLRA's discovery stay to protect defendants from unnecessary discovery costs and the fear of coercive settlements due to such costs. *See, e.g., SG Cowen*, 189 F.3d at 911 (quoting the PSLRA's legislative history). This is clearly not a case where discovery will be used to bolster an otherwise baseless claim nor is this discovery being requested to impose unnecessary discovery costs or impose a "coercive settlement" due to such costs. Quite the contrary, plaintiffs' overlapping allegations already have been shown to have substantial merit as the Activest Class Action has demonstrated by defeating defendants' motion to dismiss.

Further, plaintiffs seek nothing more at this juncture than access to the information already produced in the Activest Class Action.. Complying with this request will place no significant burdens upon defendants since they have already produced this information to other parties. *See Singer v. Nicor*, 2003 U.S. Dist. LEXIS 26189, at *5 (N.D. Ill. April 23, 2003); *In re*

7

*Williams Sec. Litig.*, Lead Case No. 02-CV-72H (M), 2003 U.S. Dist. LEXIS 24304, at *16 (N.D. Okla. May 22, 2003) (finding that since the documents at issue had been found, reviewed, organized and produced to others and were readily available for copying and possible production to Lead Plaintiff, that production would "work no hardship on Defendant"). Here, a limited production of documents and testimony already provided in the other action poses no threat of the abusive litigation tactics addressed by the PSLRA.

Hence, in the *Enron* securities litigation, the district court granted a similar request to modify the stay of discovery, permitting the plaintiffs to obtain documents that had already been, or would be, made available to and reviewed by others. The *Enron* court noted that the PSLRA's discovery stay "'was not designed to keep secret from counsel in securities cases documents that have already become available for review by means other than discovery in the securities case.'" *Enron*, 2002 U.S. Dist. LEXIS 26261, at *30 (citation omitted). The *Enron* court rejected the defendants' argument that the PSLRA prohibited such discovery, noting "[i]n a sense this discovery has already been made, and it is merely a question of keeping it from a party because of the strictures of a statute designed to prevent discovery abuse." *Id.* at *32. The *Enron* court found that the burden on defendants was slight because Enron had already found, reviewed and organized the documents. *Id.*

As such, the burden is slight or non-existent, and the production of this discovery to plaintiffs is essential to place plaintiffs on a fair footing with defendants and avoid undue prejudice to all parties, and to preserve scant judicial resources. Therefore, modifying the discovery stay would not interfere with the policies of the PSLRA.

IV.     **CONCLUSION**

For all the foregoing reasons, it is respectfully submitted, the discovery stay in our case be lifted.

Dated: January 21, 2008

Respectfully submitted,

CHIMICLES & TIKELLIS, LLP

By: /s/
Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
One Rodney Square
P. O. Box 1035
Wilmington, DE 19899
Telephone: (302)-656-2500
Fax: (302)-656-9053

*Plaintiffs' Liaison Counsel*

ROBBINS UMEDA & FINK, LLP
BRIAN J. ROBBINS
JEFFREY P. FINK
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

PASKOWITZ & ASSOCIATES
LAURENCE PASKOWITZ
60 East 42nd Street, 46th Floor
New York, NY 10165
Telephone: (212) 685-0969
Facsimile: (212) 685-2306

Co-Lead Counsel for Plaintiffs

9

## CERTIFICATE OF SERVICE

I, A. Zachary Naylor, do hereby certify that on this 21st day of January, 2008, I caused copies of Plaintiffs' Motion to Vacate the Discovery Stay and Memorandum of Law in Support of the Motion to Vacate the Discovery Stay to be served on the following counsel in the manner indicated:

## BY HAND DELIVERY

Richard H. Morse
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

Edward P. Welch
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

_____
A. Zachary Naylor (#4439)