IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
DONALD F. BENOIT, Derivatively on       :
Behalf of MBNA CORP., and on Behalf of  :
Himself and All Others Similarly Situated, :
                                        :
                   Plaintiff,           :
                                        :
       vs.                              :
                                        :
BRUCE L. HAMMONDS, *et al.*,            :   Civ. No. 07-CV-561-GMS
                                        :
                   Defendants,          :
                                        :
       --and--                          :
                                        :
BANK OF AMERICA CORPORATION, a          :
Delaware Corporation, AS SUCCESSOR      :
IN INTEREST TO MBNA CORP., and          :
MBNA CORP., a Maryland Corporation,     :
                                        :
                   Nominal Defendants.  :
---------------------------------------------------------x

*Additional Caption on Following Page*

## THE MBNA OUTSIDE DIRECTOR DEFENDANTS' RESPONSE TO THE BENOIT GROUP'S MOTION TO VACATE THE DISCOVERY STAY

|  |  |
|---|---|
|  | Edward P. Welch (I.D. No. 671) |
|  | Edward B. Micheletti (I.D. No. 3794) |
|  | SKADDEN, ARPS, SLATE, |
|  |    MEAGHER & FLOM LLP |
| Of The New York Bar: | One Rodney Square |
| Jay B. Kasner | Wilmington, Delaware 19899 |
| Susan L. Saltzstein | Tel.: (302) 651-3000 |
| SKADDEN, ARPS, SLATE, | Fax: (302) 651-3001 |
|    MEAGHER & FLOM LLP | E-mail: emich@skadden.com |
| 4 Times Square |  |
| New York, New York 10036-6522 | *Attorneys for the Outside Director Defendants* |

DATED: February 7, 2008

```
------------------------------------------------------x
                                                      :
LEMON BAY PARTNERS, and                               :
MALCOLM ROSENWALD,                                    :
                                                      :
                    Plaintiff,                        :
                                                      :
      vs.                                             :
                                                      :
BRUCE L. HAMMONDS, et al.,                            :    Civ. No. 07-CV-562-GMS
                                                      :
                    Defendants,                       :
                                                      :
      --and--                                         :
                                                      :
BANK OF AMERICA CORPORATION,                          :
AS SUCCESSOR IN INTEREST TO                           :
MBNA CORP., AND MBNA CORP.,                           :
                                                      :
                    Nominal Defendants.               :
                                                      :
------------------------------------------------------x
```

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... i

NATURE AND STAGE OF PROCEEDINGS ..........................................................................1

ARGUMENT...............................................................................................................................2

I.    THE COURT SHOULD DENY PLAINTIFFS' MOTION TO VACATE THE DISCOVERY STAY. ......................................................................................................2

CONCLUSION............................................................................................................................6

# TABLE OF AUTHORITIES

*In re Am. Funds Sec. Litig.,*
    493 F. Supp. 2d 1103 (C.D. Cal. 2007) ..........................................................................4, 5

*Boone v. Kurtz,*
    617 F.2d 435 (5th Cir. 1980) ...............................................................................................3

*Bromwell v. Michigan Mut. Ins. Co.,*
    115 F.3d 208 (3d Cir. 1997)................................................................................................3

*In re Carnegie Int'l Corp. Sec. Litig.,*
    107 F. Supp. 2d 676 (D. Md. 2000)....................................................................................5

*Lemon Bay Partners LLP v. Hammonds,*
    C.A. No. 05-327 (GMS), 2007 WL 1830899 (D. Del. June 26, 2007)...............................1

*In re NAHC, Inc. Sec. Litig.,*
    306 F.3d 1314 (3d Cir. 2002).............................................................................................4

*Shaw v. Merritt-Chapman & Scott Corp.,*
    554 F.2d 786 (6th Cir. 1977) ..............................................................................................3

Defendants James H. Berick, Mary M. Boies, Benjamin R. Civiletti, William L. Jews, Stuart L. Markowitz, William B. Milstead, Thomas G. Murdough and Laura S. Unger, all of whom are former directors of MBNA Corporation (collectively, the "Outside Directors"), submit this brief in response to Plaintiffs' Motion to Vacate The Discovery Stay ("Motion to Vacate"). As explained below, the Outside Directors respectfully request that the Court deny the Motion to Vacate because it lacks merit and is premature.

## NATURE AND STAGE OF PROCEEDINGS

More than two years ago, on November 21, 2005, Plaintiffs Lemon Bay Partners, LLP, Donald F. Benoit and Malcolm Rosenwald, filed a consolidated amended complaint, alleging, for the most part, state law fiduciary duty claims against MBNA's officers and directors ("Original Action"). On June 26, 2007, this Court dismissed Plaintiffs' entire consolidated amended complaint under Rule 12(b)(1) on the ground that the Court lacked subject matter jurisdiction. *See Lemon Bay Partners LLP v. Hammonds,* C.A. No. 05-327 (GMS), 2007 WL 1830899, at *5 (D. Del. June 26, 2007). Not satisfied with the Court's well-reasoned Opinion dismissing the action, Plaintiffs moved on July 11, 2007, for reconsideration ("Motion for Reconsideration"). (Consol. D.I. 76). The Motion for Reconsideration is currently pending before the Court.

Instead of waiting for the Court to decide the Motion for Reconsideration, Plaintiffs filed two "new" complaints on September 18, 2007, raising virtually the same facts and claims as the dismissed action (the "Duplicative Actions"). On December 10, 2007, Plaintiffs filed a motion for consolidation and to be appointed lead plaintiff of the Duplicative Actions ("Motion for Consolidation and Lead Plaintiff"), and an accompanying brief in support of this motion. Shortly thereafter, on December 26, 2007, the Outside Directors submitted a brief in

response to Plaintiffs' Motion for Consolidation and Lead Plaintiff, requesting that the Court defer judgment on that motion until the Court decides the pending Motion for Reconsideration. Additionally, the inside director and officer defendants, along with nominal defendants Bank of America Corporation and MBNA Corporation (collectively, the "Defendants"), submitted a brief opposing Plaintiffs' Motion for Consolidation and Lead Plaintiff. Plaintiffs' Motion for Consolidation and Lead Plaintiff is currently pending before the Court.

Unwilling to wait until the Court has the opportunity to rule on the Motion for Reconsideration *and* Motion for Consolidation and Lead Plaintiff, Plaintiffs' latest tactical maneuver is to ask this Court to vacate the stay of discovery imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). To make matters worse, Plaintiffs are asking this Court to permit them to participate in discovery in another action, *Baker v. MBNA Corp., et al.*, 05-CV-272 (GMS) ("Securities Action"), *where the Outside Directors are not a named party and have had no involvement with discovery in that case.* As discussed below, Plaintiffs' Motion to Vacate is a baseless attempt to make an end-run around the PSLRA's mandated stay of discovery and, in any event, is premature. Therefore, it must be denied.

## ARGUMENT

### I. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO VACATE THE DISCOVERY STAY.

Plaintiffs have displayed a pattern and practice of engaging in procedural gamesmanship to avoid the Court's consideration of their Motion for Reconsideration. Plaintiffs' latest tactical maneuver-- requesting that the Court vacate the discovery stay imposed by the PSLRA-- lacks merit, and is just another improper attempt by Plaintiffs to push forward the Duplicative Actions before the Court can rule on the Motion for Reconsideration. In addition, there are other important reasons why the Court should deny the Motion to Vacate.

2

*First*, the Outside Directors adopt the arguments set forth in the Defendants' brief opposing the Motion to Vacate. As explained in their opposition brief, Plaintiffs have not established that they would be unduly prejudiced if the PSLRA's discovery stay was not lifted.

*Second*, at the very least, the Court should not lift the discovery stay before it has a chance to decide both the Motion for Reconsideration *and* Motion for Consolidation and Lead Plaintiff because a denial of either of those motions may effectively moot Plaintiffs' request. Most significantly, if the Court denies Plaintiffs' Motion for Reconsideration, the Outside Directors intend to move to dismiss the Duplicative Actions on several grounds, including, among other things, on *res judicata* grounds. The Duplicative Actions, for the most part, mirror the Original Action by asserting predominantly state law fiduciary claims, and should be dismissed on *res judicata* grounds if the Court denies the Motion for Reconsideration. *See, e.g., Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 212-13 (3d Cir. 1997) ("A dismissal for lack of subject-matter jurisdiction, while 'not binding as to all matters which could have been raised,' is, however, conclusive as to matters actually adjudged.") (citations omitted); *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (holding the complaint was properly dismissed under the doctrine of res judicata where the District Court had already dismissed an almost identical complaint for lack of jurisdiction); *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977) (holding that plaintiffs were barred from bringing a subsequent suit asserting essentially the same claims and citing the same jurisdictional basis because plaintiff did not appeal the dismissal, stating that while "a dismissal for lack of jurisdiction does not constitute an

adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack").[1]

Moreover, Plaintiffs should not be entitled to discovery-- *especially, discovery in an action where the Outside Directors are not named parties*-- before the Court has decided whether their complaints will survive the pleading stage. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332-33 (3d Cir. 2002) (explaining that the stay of discovery procedures adopted in conjunction with the heightened pleading standards under the PSLRA is a reflection of the objective of Congress "to provide a filter at the earliest stage (the pleading stage) to screen out lawsuits that have no factual basis") (quoting Selected Bill Provisions of the Conference Report to H.R. 1058/S. 240, 141 Cong. Rec. § 19152 (Daily ed. Dec. 22, 1995)). In fact, permitting Plaintiffs to participate in discovery in the Securities Action would prejudice the Outside Directors, who are not parties to the Securities Action. In addition, as the Court explained in *In re American Funds Securities Litigation*, Plaintiffs should not be "allowed to take discovery before the Court has sustained the legal sufficiency of the Consolidated Complaint, [because] Plaintiffs might attempt to use the information in addressing a motion to dismiss or amending their claims in direct contravention of one of the purposes of the PSLRA." 493 F. Supp. 2d 1103, 1106-07 (C.D. Cal. 2007). Granting Plaintiffs' request will impose significant burdens and costs upon the Outside Director Defendants, including, among other things, requiring them to engage in discovery in a case in which they are not named as defendants.

In addition, Plaintiffs' argument that the stay should be lifted because there is no dismissal motion pending (D.I. 34; Op. Brief at 6), lacks merit. Defendants have not yet moved

---

[1] Furthermore, if the Court denies Plaintiffs' request to be Lead Plaintiff in the Duplicative Actions on the ground that the Court has already appointed a different Lead Plaintiff to pursue the securities claims in the Securities Action, Plaintiffs' counsel may not be entitled to actively participate in discovery regarding these claims in the Duplicative Actions.

to dismiss the Duplicative Actions because the Plaintiffs' moved for reconsideration in the Original Action. Moreover, the Stipulation entered among the parties and Ordered by the Court provides that the Defendants will move to dismiss no later than sixty days *after the amended consolidated complaint is filed.* (D.I. No. 24). Plaintiffs have not filed an amended consolidated complaint, and may never file such complaint if the Court denies Plaintiffs' Motion for Consolidation and Lead Plaintiff. Indeed, Plaintiffs admit this fact in the first footnote of their Memorandum in Support Of The Motion to Vacate The Discovery Stay, stating that: "[b]y Stipulation entered among the parties, the time for defendants to file such a [dismissal] motion *would be subsequent* to this Court's ruling on the pending motion for lead counsel and lead plaintiff appointment, and the filing of an amended complaint." Op. Brief at 1. (emphasis added). In any event, courts have "interpreted the automatic stay on all discovery under the PSLRA as applying not only when a motion to dismiss is pending, *but from the filing of the case until such time that 'the court has sustained the legal sufficiency of the complaint.'" See In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d at 1105 (citation omitted) (emphasis added); *see also In re Carnegie Int'l Corp. Sec. Litig.,* 107 F. Supp. 2d 676, 683 (D. Md. 2000) (holding that the automatic stay provision of the Act is triggered by the mere indication by the defendants of its intention to file a motion to dismiss). The Court should apply this same principle here to deny the Motion to Vacate.

Accordingly, for the foregoing reasons, Plaintiffs' Motion to Vacate must be denied.

5

## CONCLUSION

For all of the foregoing reasons, the Outside Directors respectfully request that the Court deny Plaintiffs' Motion to Vacate.

/s/ *Edward P. Welch*
Edward P. Welch (I.D. No. 671)
Edward B. Micheletti (I.D. No. 3794)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
Wilmington, Delaware 19899
Tel.: (302) 651-3000
Fax: (302) 651-3001
E-mail: emich@skadden.com

*Attorneys for the Outside Director Defendants*

Of The New York Bar:
Jay B. Kasner
Susan L. Saltzstein
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
4 Times Square
New York, New York 10036-6522

DATED: February 7, 2008

521153-Wilmington Server 1A - MSW