UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

-------------------------------------------------------x
DONALD F. BENOIT                                       :
                                                       :
                             Plaintiff,                :
                                                       :      1:07-CV-561-GMS
                                                       :
                                                       :
              against                                  :
                                                       :
BRUCE L. HAMMONDS, KENNETH                             :
A. VECCHIONE, RICHARD K.                               :
STRUTHERS, JOHN R.                                     :
COCHRAN, III, LANCE L. WEAVER,                         :
CHARLES C. KRULAK, MICHAEL                             :
G. RHODES, JOHN W. SCHEFLEN,                           :
RANDOLPH D. LERNER,                                    :
JAMES H. BERICK, MARY M.                               :
BOIES, BENJAMIN R.                                     :
CIVILETTI, WILLIAM L. JEWS,                            :
STUART L. MARKOWITZ,                                   :
WILLIAM B. MILSTEAD, THOMAS G.                         :
MURDOUGH, LAURA S. UNGER, and                          :
KENNETH D. LEWIS,                                      :
                                                       :
                             Defendants,               :
                                                       :
              and                                      :
                                                       :
 BANK OF AMERICA                                       :
CORPORATION, AS SUCCESSOR IN                           :
INTEREST TO MBNA CORP., and                            :
MBNA CORP.,                                            :
                                                       :
              Nominal Defendants.                      :
                                                       :
-------------------------------------------------------x

```
-------------------------------------------------------x
LEMON BAY PARTNERS, and                :
MALCOLM ROSENWALD,                     :
                                       :
                      Plaintiffs,      :
                                       :
           against                     :
                                       :         1:07-CV-562-GMS
BRUCE L. HAMMONDS, KENNETH             :
A. VECCHIONE, RICHARD K.               :
STRUTHERS, JOHN R.                     :
COCHRAN, III, LANCE L. WEAVER,         :
CHARLES C. KRULAK, MICHAEL             :
G. RHODES, JOHN W. SCHEFLEN,           :
RANDOLPH D. LERNER,                    :
JAMES H. BERICK, MARY M.               :
BOIES, BENJAMIN R.                     :
CIVILETTI, WILLIAM L. JEWS,            :
STUART L. MARKOWITZ,                   :
WILLIAM B. MILSTEAD, THOMAS G.         :
MURDOUGH, LAURA S. UNGER, and          :
KENNETH D. LEWIS,                      :
                                       :
                      Defendants,      :
                                       :
           and                         :
                                       :
 BANK OF AMERICA                       :
CORPORATION, AS SUCCESSOR IN           :
INTEREST TO MBNA CORP., and            :
MBNA CORP.,                            :
                                       :
              Nominal Defendants.      :
                                       :
-------------------------------------------------------x
```

## FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to a Scheduling Order of the Court dated August 13, 2009, on the application of the Parties for approval of the settlement set forth in the Stipulation of Settlement of Derivative Actions dated as of July 22, 2009 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in the

2

Scheduling Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Derivative Actions and over all Parties to the Derivative Actions.

3. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, the Court hereby approves the proposed Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, MBNA and Bank of America as the successor to MBNA. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. The Parties are hereby directed to effect the terms of the Stipulation and to consummate the Settlement.

4. The Derivative Actions are hereby dismissed with prejudice.

5. Plaintiffs, individually and derivatively, and the Nominal Defendants shall, by operation of this Judgment, release and be deemed to release and forever discharge all Released Claims against all Released Persons, and shall forever be enjoined from asserting any Released Claims. Bank of America shareholders are hereby barred from instituting any claims that have been or could have been brought in any court or forum by or on behalf of the Nominal Defendants relating to or arising out of the allegations of the Derivative Actions.

6. Defendants and the Released Persons shall be deemed to have, and by operation of this Judgment fully, finally, and forever release, relinquish and discharge Plaintiffs and

Plaintiffs' Counsel from all claims that arise out of or in connection with or relate to their institution, prosecution, assertion, settlement or resolution of the Consolidated Complaint, the Appeal, the Derivative Actions or the Released Claims.

7. The dissemination of the Notice of Pendency, Proposed Settlement of Derivative Actions, Settlement Hearing and Right To Appear (the "Notice") and the publication of the Summary Notice as provided for in the Scheduling Order constituted the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice. The Notice satisfied the requirements of Federal Rule of Civil Procedure 23.1, due process, and any other applicable law.

8. The Excluded Claims, having been settled, are hereby dismissed with prejudice.

9. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or the Released Persons may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral *estoppel*, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Stipulation, and any of its terms, any agreement or order relating thereto, and any payment or consideration provided for herein, is not and shall not be construed as an admission by any of the Defendants or Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Derivative Actions or in any other action, or the deficiency of any defense that have been or could have been asserted in the Derivative Actions or in any other action, or of any liability, negligence, fault, or wrongdoing of any of the Defendants or other Released Persons, or an admission by Plaintiffs of any lack of merit of its claims against the Defendants.

11. The Derivative Actions were filed and prosecuted in good faith and in accordance with the applicable law, and are being settled voluntarily after consultation with competent legal counsel.

12. Without affecting the finality of the Judgment in any way, the Court hereby retains continuing jurisdiction over the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and over the implementation of the Settlement and Judgment.

13. In the event that all of the conditions to the Effective Date are not met, or the Stipulation is not approved, or is otherwise terminated for any reason, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. In such event, the Parties shall be restored to their respective positions in the Derivative Actions as of the day prior to the date of execution of the Stipulation; and the Stipulation and any related settlement documents, and releases granted pursuant to the Stipulation, shall be null and void, and inadmissible in any proceeding before any tribunal. In such event, the terms and provisions

of the Stipulation, with the exception of Section VII A and C, shall have no further force and effect with respect to the Parties and shall not be used in the Derivative Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Plaintiffs' Counsel or any incentive award given to Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

14. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of $598,750, and the reimbursement of expenses in the amount of $20,000, to be paid by Bank of America in accordance with the Stipulation.

15. Each Plaintiff is hereby awarded an incentive award in the amount of $6,250 to be paid from the attorneys' fees awarded to Plaintiffs' Counsel in accordance with the Stipulation.

DATED: __Oct 6__, 2009

_____
U.S.D.J.